%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS  Irene Caserta | DEFENDANTS Yampolsky, Mandeloff, Silver & Ryan, PC; Citrin Cooperman & Company, LLP; Mary Brislin, et al. |
|---|---|
| (b) County of Residence of First Listed Plaintiff  Baker County, FL (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  Philadelphia County PA (IN U.S. PLAINTIFF CASES ONLY) NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) John J. Jacko, III of Fellheimer & Eichen, LLP, Philadelphia, PA 19103; 215.253.6634 | Attorneys (If Known) LLP, 1800 JFK Blvd, Suite 1400 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ❏ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 320 Assault, Libel & Slander | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | ❏ 368 Asbestos Personal Injury Product | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | Liability | Liability | ❏ 650 Airline Regs. | ❏ 830 Patent | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 340 Marine | **PERSONAL PROPERTY** | ❏ 660 Occupational Safety/Health | ❏ 840 Trademark | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 345 Marine Product Liability | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 190 Other Contract | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 875 Customer Challenge 12 USC 3410 |
| ❏ 196 Franchise | ❏ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 730 Labor/Mgmt.Reporting & Disclosure Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate Sentence | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 892 Economic Stabilization Act |
| ❏ 220 Foreclosure | ❏ 442 Employment | **Habeas Corpus:** | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ Accommodations | ❏ 530 General | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❏ 894 Energy Allocation Act |
| ❏ 240 Torts to Land | ❏ 444 Welfare | ❏ 535 Death Penalty | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | **IMMIGRATION** | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 900Appeal of Fee Determination Under Equal Access to Justice |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 440 Other Civil Rights | ❏ 555 Prison Condition | ❏ 463 Habeas Corpus - Alien Detainee | | |
| | | | ❏ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district (specify)
- ❏ 6 Multidistrict Litigation
- ❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC sec. 1001, et seq., 28 USC sec. 1332
Brief description of cause:
ERISA action for failure to pay benefits

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____     DOCKET NUMBER _____

DATE August 8, 2008

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 19761 Crews Road, Glen St. Mary, FL 32040

Address of Defendant: 1800 JFK Blvd., 20th Floor, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?          Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ERISA, 29 USC sec. 1001, et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, John J. Jacko, III , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: August 8, 2008          Attorney-at-Law          67477
                                                         Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: August 8, 2008          Attorney-at-Law          67477
                                                         Attorney I.D.#

CIV. 609 (6/08)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

IRENE CASERTA,

           Plaintiff,     :          **CIVIL ACTION**

                  :

           **v.**             :

YAMPOLSKY, MANDELOFF, SILVER &    :

RYAN, PC, et al.,            :        **NO.** 08-CV-

            Defendants

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| August 8, 2008 | John J. Jacko, III | Plaintiff, Irene Caserta |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.253.6634 | 215.751.1744 | john@fellheimer.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRENE CASERTA,<br>19761 Crews Road<br>Glen St. Mary, FL 32040<br><br>        Plaintiff,<br><br>v.<br><br>YAMPOLSKY, MANDELOFF, SILVER &<br>RYAN, PC, having the fictitious name of<br>Yampolsky Mandeloff Silver Ryan and now<br>known as CITRIN COOPERMAN &<br>COMPANY, LLP<br>1800 John F. Kennedy Boulevard, 20th Floor<br>Philadelphia, Pennsylvania 19103<br><br>CITRIN COOPERMAN & COMPANY, LLP,<br>successor by acquisition to Yampolsky,<br>Mandeloff, Silver & Ryan, PC<br>1800 John F. Kennedy Boulevard, 20th Floor<br>Philadelphia, Pennsylvania 19103<br><br>MARY BRISLIN<br>c/o Citrin Cooperman & Company, LLP<br>1800 John F. Kennedy Boulevard, 20th Floor<br>Philadelphia, Pennsylvania 19103<br><br>LYNN ELECTRONICS EMPLOYEES'<br>PROFIT-SHARING TRUST<br>c/o Yampolsky, Mandeloff, Silver & Ryan, PC<br>and Citrin Cooperman & Company, LLP<br>1800 John F. Kennedy Boulevard, 20th Floor<br>Philadelphia, Pennsylvania 19103<br><br>And<br><br>LYNN ELECTRONICS CORPORATION<br>154 Railroad Drive<br>Ivyland, Pennsylvania 19047<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

## Jurisdiction and Venue

1.      Plaintiff, Irene Caserta ("Plaintiff" or "Ms. Caserta") is an adult individual having a place of residence located at 19761 Crews Road, Glen St. Mary, Florida 32040.

2.      Defendant, Yampolsky, Mandeloff, Silver & Ryan, PC ("YMSR"), having the fictitious name of "Yampolsky Mandeloff Silver Ryan" is a professional corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 1800 Market Street, 20th Floor, Philadelphia, Pennsylvania 19103. At all time herein relevant, Defendant YMSR was in the business of, among other things, offering accounting and related financial services to its clients.

3.      Publicly available documents on file with the Pennsylvania Department of State at http://www.corporations.state.pa.us/corp/soskb/Corp.asp?2420523 confirm that YMSR is the owner of record of the fictitious name of "Yampolsky Mandeloff Silver Ryan."

4.      Defendant, Citrin Cooperman & Company, LLP ("Citrin Cooperman") is, upon information and belief, a limited liability general partnership organized under the laws of the State of New York that acquired and/or succeeded to the assets and/or client accounts of YMSR beginning on or about November 1, 2007. At all times herein relevant, Citrin Cooperman was also in the business of offering accounting and related financial services to its clients.

5.      Defendant, Mary Brislin ("Brislin") is a Certified Public Accountant having an office and address of business located at the offices of YMSR and Citrin Cooperman which are both located at 1800 Market Street, 20th Floor, Philadelphia, Pennsylvania 19103.

6.      Defendant, Lynn Electronics Employees' Profit-Sharing Trust (the "Trust") is a defined benefit contribution plan covered and protected under the federal Employee Retirement Income Security Act, 29 U.S.C.A. §§1001, *et seq.* ("ERISA"), which upon information and

belief, was created by employer defendant, Lynn Electronics Corporation ("Lynn Electronics") and is administered and operated by Brislin in combination with YMSR and/or Citrin Cooperman in the capacity of the Claims Administrator for the Trust throughout the Year 2007 to the present.

7.      The Trust is an "employee benefit plan" as defined in 29 U.S.C.A. §1002(3).

8.      Upon information and belief, the Trust has an address at the offices of YMSR and Citrin Cooperman located at 1800 Market Street, 20th Floor, Philadelphia Pennsylvania 19103 as that is believed to be the location at which the Trust is administered and operated by Brislin in combination with YMSR and/or Citrin Cooperman throughout the Year 2007 to the present.

9.      Defendant Lynn Electronics is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 154 Railroad Drive, Ivyland, Pennsylvania 19047.

10.     Upon information and belief, Lynn Electronics is the Trust's "plan sponsor" and an "administrator" as defined by 29 U.S.C.A. §1002(16).

11.     Upon information and belief, Brislin, in combination with YMSR and/or Citrin Cooperman, collectively are the accountants retained and utilized by Lynn Electronics for Lynn Electronics' general accounting needs and to maintain and operate the Trust as the collective "administrator" as defined by 29 U.S.C.A. §1002(16) throughout the Year 2007 to the present.

12.     Defendants, YMSR, Citrin Cooperman, Brislin, the Trust, and Lynn Electronics are collectively herein referred to as "Defendants."

13.     Defendants, YMSR, Citrin Cooperman, Brislin, and Lynn Electronics are collectively herein referred to as the "Fiduciary Defendants."

14.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C.A. §§1001, *et seq.*, as disputes under ERISA constitute federal questions sufficient to support federal question jurisdiction.

15.     As this suit relates to an "employee benefit plan" as defined by ERISA and constitutes a "plan under ERISA," jurisdiction is invoked pursuant to 28 U.S.C.A. §1337 and 29 U.S.C.A. §1132(e).

16.     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17.     Venue is proper within this district pursuant to 29 U.S.C.A. §1132(e)(2) because the acts and omissions complained of have occurred within this judicial district.

18.     Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (c), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the Defendants are subject to the personal jurisdiction in this judicial district based on *inter alia* the following:

      a.     Defendants' creation, operation and administration of the Trust within this judicial district;

      b.     Defendants' operation and conduct of business at their respective locations and offices from which they directed intentional communications to Plaintiff in furtherance of the Trust's operation and maintenance within this judicial district;

      c.     Plaintiff intentionally directed communications to the Defendants relating to the Trust's operation and maintenance as is relevant to this suit within this judicial district; and

      d.     Defendants' wrongful conduct herein at issue resulted in damage to Plaintiff in this judicial district.

19.     All conditions precedent to this action have been satisfied, performed or waived.

- 4 -

## General Allegations

20.     Beginning on or about March 26, 1974, John Wugofski was an employee of Lynn Electronics for approximately thirty (30) years who retired from his position as Production Manager from Lynn Electronics on his sixty second (62nd) birthday on November 14, 2005.

21.     During his employment and tenure with Lynn Electronics, Mr. Wugofski was a Trust participant pursuant to 29 U.S.C. §1002(7) and paid contributions to the Trust through his employer, Lynn Electronics and/or earned contributions to be paid to the Trust by Lynn Electronics all for the benefit of Mr. Wogofski and for that of his designated beneficiary, Ms. Caserta.

22.     At the time of his retirement from Lynn Electronics, Mr. Wugofski had a fully vested one hundred (100%) percent right to benefits under the Trust as he had reached the age of 62 and accumulated 40 years of service to Lynn Electronics.

23.     Some years prior to 2007, Mr. Wugofski properly submitted to Lynn Electronics and the Trust a written beneficiary designation identifying Ms. Caserta as his sole beneficiary of all Trust benefits upon his death.

24.     Although Mr. Wugofski had a fully vested one hundred percent (100%) right to benefits under the Trust at the time of his retirement he was required to wait for approximately one (1) year to make application for a full and complete distribution of all benefits owed to him under the Trust because the accounting on the Trust was one year behind.

25.     After retiring, Mr. Wugofski permanently moved his residence and domicile from Philadelphia, Pennsylvania to Glen St. Mary, Florida with his long time companion and common law wife under Pennsylvania law, Ms. Caserta, in or about September 2006.

26.     Upon information and belief, in January 2007, after waiting the requisite year to

make application for a full and complete distribution of benefits due and owing to him under the Trust, Mr. Wugofski telephoned Lynn Electronics' bookkeeper, Eveit Snellbaker and spoke with her to request the necessary paperwork in order to make his application for all Trust benefits due him (collectively herein the "Trust Application Form").

27.     Mr. Wugofski received the requested Trust Application Form with a written cover letter dated March 15, 2007 from YMSR's employee, Hadassah Ramos via regular U.S. Mail some time during the period between March 15, 2007 through March 19, 2007. A true and correct copy of the letter and completed form are collectively attached hereto as Exhibit A.

28.     With Exhibit A, Mr. Wugofski also received a Statement of Account containing confirmation of the "VALUE OF YOUR ACCOUNT" which document confirmed that as of December 31, 2005, the total vested amount of Trust benefits due Mr. Wugofski totaled ONE HUNDRED AND FOUR THOUSAND, SIX HUNDRED AND SEVENTY FIVE DOLLARS AND 21/100 ($104,675.21). A true and correct copy of the statement is attached hereto as Exhibit B.

29.     The cover letter that is Exhibit A also confirmed that the "final accounting for 2006 will be completed by April 30, 2007." *See* Exhibit A.

30.     On March 19, 2007, Mr. Wugofski, along with Ms. Caserta, traveled to a local Wachovia Bank branch in the Glen St. Mary, Florida area at which location Mr. Wugofski was assisted by bank personnel in completing the Trust Application Form as it was his intention to request from Lynn Electronics and the Trust that the full benefits distribution due him under the Trust be directly rolled over to his Individual Retirement Account ("IRA") at Wachovia Bank.

31.     The personnel at the Wachovia Bank branch properly and duly notarized the Trust Application Form which Mr. Wugofski immediately mailed back to YMSR, as he was instructed

to do, upon exiting the Wachovia Bank branch on March 19, 2007. *See* Exhibit A.

32.     In a sudden, unexpected and unfortunate event, Mr. Wugofski died of a massive coronary event in his home in Glen St. Mary, Florida on the same evening of March 19, 2007 leaving Ms. Caserta to face her retirement without Mr. Wugofski's companionship.

33.     Lynn Electronics received notification of Mr. Wugofski's death.

34.     On the date of Mr. Wugofski's funeral on March 22, 2007, Ms. Snellbaker of Lynn Electronics telephoned Ms. Caserta to express her condolences. During this telephone conversation, Ms. Snellbaker verified and confirmed to Ms. Caserta that Lynn Electronics was in possession of the written beneficiary designation identifying Ms. Caserta as his sole beneficiary of all Trust benefits upon his death described above.

35.     Upon failing to receive any written notification or a receipt of death benefits from any of the Defendants, Ms. Caserta returned to the Wachovia Bank branch on June 25, 2007 and spoke with Ella Mae Crews to inquire as to whether the bank had received the distribution of any of the death benefits due Ms. Caserta from Defendants.

36.     After confirming that no such distribution was received, Ms. Crews telephoned Ms. Ramos at YMSR to inquire about the status of the distribution and Ms. Ramos informed Ms. Crews that it should be completed and distributed within two (2) to three (3) weeks of that date and that if they did not hear anything by that time they should attempt to call YMSR back in about a month.

37.     No distribution of death benefits was received by Ms. Caserta or Wachovia Bank within the month following June 25, 2006.

38.     Thereafter, Ms. Crews and Ms. Caserta repeatedly and unsuccessfully attempted to secure the payment of the death benefits due Ms. Caserta from the Defendants in the following

telephone conversations:

a.  On July 26, 2007, Ms. Crews left a telephone message for Ms. Ramos at YMSR requesting a return telephone call to confirm when the death benefits payment would be made. Ms. Crews did not receive a return telephone call.

b.  On July 31, 2007, Ms. Caserta left a telephone message for Ms. Ramos at YMSR requesting a return telephone call to confirm when the death benefits payment would be made. Ms. Caserta did not receive a return telephone call.

c.  On August 2, 2007, Ms. Caserta telephoned Ms. Ramos at YMSR and was informed by the answering receptionist that Ms. Ramos was on another telephone call and would call Ms. Caserta back. Ms. Caserta did not receive a return telephone call.

d.  On August 6, 2007, Ms. Caserta again telephoned Ms. Ramos at YMSR and was informed that Ms. Ramos was on vacation. Ms. Caserta was then connected to Defendant Brislin at YMSR. Brislin told Ms. Caserta that she would look in to the status of the death benefits payment due Ms. Caserta and would call Ms. Caserta back by the end of that business day. Ms. Caserta did not receive a return telephone call.

e.  On August 7, 2007, Ms. Caserta again telephoned Brislin at YMSR and Brislin informed Ms. Caserta that the death benefits distribution check would be provided to Brislin by the end of that week and Brislin promised to overnight that check directly to the above-identified Wachovia Bank branch via overnight delivery. No such check was ever received by Ms. Caserta or Wachovia Bank.

f.  On September 10, 2007, Ms. Caserta again telephoned Brislin at YMSR and a receptionist answering the call said that Brislin was on another telephone call and would call Ms. Caserta back in approximately fifteen (15) minutes. Ms. Caserta did not receive a return telephone call.

g.  On September 10, 2007, Ms. Caserta again telephoned Brislin at YMSR and Brislin again stated to Ms. Caserta that Brislin expected to have the death benefits distribution check by that coming Friday and upon receipt would immediately send it to the above-identified Wachovia Bank branch via overnight delivery. No such check was ever received by Ms. Caserta or Wachovia Bank.

h.    On October 2, 2007, Ms. Caserta again telephoned Brislin at YMSR and had to leave a telephone message with the receptionist requesting that Brislin return the call. Ms. Caserta did not receive a return telephone call.

i.    On October 4, 2007, Ms. Caserta again telephoned Brislin at YMSR and had to leave a telephone voice message with the requesting that Brislin return the call. Ms. Caserta did not receive a return telephone call.

j.    On October 4, 2007, Ms. Caserta again telephoned Brislin at YMSR and Brislin informed Ms. Caserta that Brislin was in possession of the death benefits distribution check along with those of others on her desk and that they were awaiting processing. Ms. Caserta informed Brislin that if she did not receive payment within the coming days that Ms. Caserta would go to an attorney. Brislin said that "that wouldn't be necessary."

39.    In one of the earliest above-identified telephone conversations between Ms. Caserta and Defendant Brislin, Ms. Caserta inquired as to whether she needed to submit or forward a Death Certificate or other documentation and Ms. Brislin stated in response, "No, that won't be necessary."

40.    In a November 1, 2007 press release listed on Citron Cooperman's website at www.citroncooperman.com, Citron Cooperman confirms the consummation of a transaction for which it provided no details of the terms wherein it formed what it described as a "business combination" with YMSR effective November 1, 2007.

41.    Upon information and belief, Brislin was and/or continues to be an employee, agent and representative of YMSR for the period of January 1, 2007 through to the present.

42.    Upon information and belief, Brislin has been and continues to be an employee, agent and representative of Citron Cooperman for the period of November 1, 2007 through to the present

43.    It is, as a result of the foregoing "business combination" transaction and the fact

that YMSR and Citron Cooperman continue to share office space at 1800 John F. Kennedy Boulevard, 20th Floor, Philadelphia, Pennsylvania where Brislin continues to be employed and maintains an office, that Ms. Caserta believes and therefore avers that Citron Cooperman acquired and/or succeed to the assets and/or client accounts that of YMSR, including that related to the Trust and Lynn Electronics such that the Trust is administered and operated by Brislin in combination with YMSR and/or Citrin Cooperman throughout the period of November 1, 2007 through to the present.

44.    On January 16, 2008, attorney Frank E. Maloney, Jr. ("Attorney Maloney") of the law office of Frank E. Maloney, Jr., P.A., on behalf of Ms. Caserta, forwarded a letter to the attention of Kevin Ryan at YMSR (and copying Lynn Electronics) seeking payment of the above-referenced long overdue distribution of death benefits to Ms. Caserta from the Trust and requesting, among other things, a transfer of the funds and "an explanation for the delay." A true and correct copy of the letter is attached hereto as Exhibit C.

45.    Neither Ms. Caserta, nor Attorney Maloney, nor Wachovia Bank ever received any funds or an explanation as to why in response to Exhibit C.

46.    On March 7, 2008—a mere twelve (12) days shy of the one year anniversary of Mr. Wugofski's death—Attorney Maloney again forwarded a letter to the attention of Kevin Ryan at YMSR (and again copying Lynn Electronics) enclosing a copy of Exhibit C and requesting immediate payment of the long above-referenced overdue distribution of death benefits to Ms. Caserta from the Trust and requesting a response. A true and correct copy of the letter is attached hereto as Exhibit D.

47.    In response to Attorney Maloney's March 7, 2008 letter, Attorney Maloney received a telephone call from Defendant Brislin on or about April 22, 2008 wherein Brislin

informed Attorney Maloney that if she did not get back to Attorney Maloney "in the next week or two" Ms. Caserta would "have her money." Brislin also explained to Attorney Brislin that the delay in disbursing Trust death benefits to Ms. Caserta was due to the need to add additional funds to the 2007 income to the Trust.

48.     To date, Ms. Caserta has not ever received any distribution of Trust death benefits as described herein from any Defendant.

49.     To date, Ms. Caserta has not ever received any explanation or contact regarding death benefits due her as described herein from any Defendant, except as identified in the history of telephone exchanged described above.

50.     As the above-identified history of telephone conversations and correspondence confirm, it is undisputed that Ms. Caserta is the sole beneficiary of Mr. Wugofski under the Trust.

51.     As the above-identified history of telephone conversations and correspondence confirm, it is undisputed that Ms. Caserta, as a beneficiary of the Trust, was to receive and be paid all of Mr. Wugofski's death benefits under the Trust.

52.     As the above-identified history of telephone conversations and correspondence confirm, Ms. Caserta was diligent in repeatedly, but unsuccessfully, attempted to secure the distribution of all death benefits under the Trust due to her.

53.     As the above-identified history of telephone conversations and correspondence confirm, Ms. Caserta was unsuccessful in her repeated efforts to deal with Defendants.

54.     As the above-identified history of telephone conversations and correspondence confirm, any further effort by Ms. Caserta to deal with Defendants to secure the distribution of all death benefits under the Trust due to her would be futile.

55.     As the above-identified history of telephone conversations and correspondence confirm, all Defendants are, jointly and severally, liable for complying with their obligations in operating and administering the Trust and in failing to distribute and pay to Ms. Caserta all death benefits under the Trust due to her.

56.     As the above-identified history of telephone conversations and correspondence confirm, Ms. Caserta is acting reasonably under the circumstances in seeking immediate judicial review.

57.     As alleged herein, the actions and/or omissions of Defendants, jointly and severally, constitute bad faith sufficient to support an award of attorney's fees to Plaintiff pursuant to 29 U.S.C. §1132(g)(1).

58.     As alleged herein, the actions and/or omissions of Defendants, jointly and severally, constitute culpability sufficient to support an award of attorney's fees to Plaintiff pursuant to 29 U.S.C. §1132(g)(1).

59.     As alleged herein, the Defendants, jointly and severally, are, upon information and belief, able to personally satisfy an award of attorney's fees to Plaintiff pursuant to 29 U.S.C. §1132(g)(1).

60.     An award of attorney's fees to Plaintiff, pursuant to 29 U.S.C. §1132(g)(1), to be paid by Defendants, jointly and severally, shall have a deterrent effect on the Defendants and persons acting under similar circumstances.

61.     An award of attorney's fees to Plaintiff, pursuant to 29 U.S.C. §1132(g)(1), to be paid by Defendants, jointly and severally, shall confer a great benefit on participants and beneficiaries of the Trust as a whole.

62.     An award of attorney's fees to Plaintiff, pursuant to 29 U.S.C. §1132(g)(1), to be

paid by Defendants, jointly and severally, is warranted as the relative merit of any defense or legal positions taken in the above-captioned action are far outweighed by the claims and legal positions asserted by Plaintiff.

## COUNT I
### Plaintiff v. Trust
### (Recovery of Trust Benefits, 29 U.S.C. §1132(a)(1)(B))

63.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 61 above as if set forth fully herein.

64.     This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

65.     Pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiff, as a beneficiary of the Trust, is entitled to sue for a judicial determination and enforcement of benefits.

66.     The Trust improperly has and continues to wrongfully withhold benefits due Plaintiff as beneficiary under the Trust in contravention of the Trust's terms and ERISA.

WHEREFORE, plaintiff, Irene Caserta demands judgment in her favor and against defendant, Lynn Electronics Employees' Profit-Sharing Trust on Count I for damages in an amount exceeding $104,675.21, plus pre-judgment and post-judgment interest, and including without limitation, past due contractual benefits, future benefits, attorney's fees pursuant to 29 U.S.C. §1132(g)(1), costs incurred in bringing this action, together with all other damages, inclusive of punitive damages, permitted under the Trust's terms and ERISA, and such other and further relief as the Court deems just.

## COUNT II
### Plaintiff v. Trust
### (Recovery of Equitable Relief, 29 U.S.C. §1132(a)(3))

67.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 65

above as if set forth fully herein.

68.     This is a claim to enjoin any act or practice which violates any provision of ERISA or the Trust's terms under 29 U.S.C. §1132(a)(3).

69.     This is a claim to obtain other appropriate equitable relief to redress the violations of any provision of ERISA and the Trust's terms under 29 U.S.C. §1132(a)(3).

70.     This is a claim to obtain other appropriate equitable relief to enforce the provisions of ERISA and the Trust's terms under 29 U.S.C. §1132(a)(3).

71.     Pursuant to 29 U.S.C. §1132(a)(3), Plaintiff, as a beneficiary of the Trust, is entitled to sue for a judicial determination and the relief requested herein.

72.     The Trust improperly has and continues to wrongfully withhold benefits due Plaintiff as beneficiary under the Plan in contravention of the Trust's terms and ERISA.

WHEREFORE, plaintiff, Irene Caserta demands judgment in her favor and against defendant, Lynn Electronics Employees' Profit-Sharing Trust on Count II for:

a.     Declaratory judgment that the practices complained of are unlawful and void and confirming Plaintiff's entitlement to benefits including without limitation, past due contractual benefits and future benefits, in an amount exceeding $104,675.21, plus pre-judgment and post-judgment interest;

b.     Restitution and the payment to Plaintiff of benefit funds including without limitation, past due contractual benefits and future benefits, in an amount exceeding $104,675.21, plus pre-judgment and post-judgment interest;

c.     An injunction order permanently enjoining the Trust from violating the terms of the Trust by failing to provide benefits, including without limitation, past due contractual benefits and future benefits, to Plaintiff; and

d.     An award of attorney's fees pursuant to 29 U.S.C. §1132(g)(1), costs incurred in bringing this action, together with all other damages permitted under the Trust's terms and ERISA, and such other and further relief as the Court deems just.

## COUNT III
### Plaintiff v. The Fiduciary Defendants
### (Breaches of Fiduciary Duties and Recovery of Plan Benefits,
### 29 U.S.C. §§1104 and 1132(a)(1)(B))

73.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 71 above as if set forth fully herein.

74.     This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §§1104 and 1132(a)(1)(B).

75.     Pursuant to 29 U.S.C. §§1104 and 1132(a)(1)(B), Plaintiff, as a beneficiary of the Trust, is entitled to sue for a judicial determination and enforcement of benefits.

76.     The Fiduciary Defendants, as part of their responsibilities to the Trust, had discretionary control over the management and administration of the Trust and are each, jointly and severally, a fiduciary within the meaning of 29 U.S.C. §1001(21).

77.     As fiduciaries, Fiduciary Defendants had a high duty of care and loyalty to the Trust and its participants and beneficiaries, inclusive of Ms. Caserta, to abide by ERISA and the Trust's terms and to timely and efficiently distribute all death benefits due and owing to Ms. Caserta.

78.     Without lawful justification, the Fiduciary Defendants have improperly and continue to wrongfully withhold death benefits due Plaintiff as beneficiary under the Trust in contravention of the Trust's terms and ERISA.

79.     The Fiduciary Defendants have breached their respective fiduciary duties to the Trust and Ms. Caserta as a beneficiary of the Trust in their joint and several failures to abide by ERISA and the Trust's terms and to timely and efficiently distribute all death benefits due and owing to Ms. Caserta without delay.

80.     The Fiduciary Defendants have, jointly and severally, failed to discharge their

- 15 -

respective and collective duties with respect to the Trust solely in the interest of Plaintiff as a beneficiary with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims as required by 29 U.S.C. §1104(a)(1)(B).

81.     The Fiduciary Defendants have, jointly and severally, failed to discharge their respective and collective duties with respect to the Trust solely in the interest of Plaintiff as a beneficiary in accordance with the documents and instruments governing the Trust insofar as such documents and instruments are consistent with the provisions of 29 U.S.C. §1104(a)(1)(D).

82.     The acts and/or omissions of the Fiduciary Defendants, jointly and severally, constitute wrongful breaches of their fiduciary duties owed to Plaintiff as a beneficiary under the Trust in violation of 29 U.S.C. §§1104 and 1132(a)(1)(B).

83.     Plaintiff has and continues to be wrongfully damaged and denied benefits, rights, and rights to future benefits due her under the Trust as a direct and proximate cause of the breaches of fiduciary duty committed, jointly and severally, by Fiduciary Defendants.

WHEREFORE, plaintiff, Irene Caserta demands judgment in her favor and against defendants, Yampolsky, Mandeloff, Silver & Ryan, PC, Citrin Cooperman & Company, LLP, Mary Brislin and Lynn Electronics Corporation, jointly and severally, on Count III for damages in an amount exceeding $104,675.21, plus pre-judgment and post-judgment interest, and including without limitation, past due contractual benefits, future benefits, attorney's fees pursuant to 29 U.S.C. §1132(g)(1), costs incurred in bringing this action, together with all other damages, inclusive of punitive damages, permitted under the Trust's terms and ERISA, and such other and further relief as the Court deems just.

## COUNT IV
### Plaintiff v. The Fiduciary Defendants
### (Breaches of Fiduciary Duties and Recovery of Statutory Equitable Relief, 29 U.S.C. §§1104 and 1132(a)(3))

84.    Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 82 above as if set forth fully herein.

85.    This is a claim to enjoin any act or practice which violates any provision of ERISA or the Trust's terms under 29 U.S.C. §§1104 and 1132(a)(3).

86.    This is a claim to obtain other appropriate equitable relief to redress the violations of any provision of ERISA and the Trust's terms under 29 U.S.C. §§1104 and 1132(a)(3).

87.    This is a claim to obtain other appropriate equitable relief to enforce the provisions of ERISA and the Trust's terms under 29 U.S.C. §§1104 and 1132(a)(3).

88.    Pursuant to 29 U.S.C. §§1104 and 1132(a)(3), Plaintiff, as a beneficiary of the Trust, is entitled to sue for a judicial determination and the equitable relief requested herein.

89.    The Fiduciary Defendants, as part of their responsibilities to the Trust, each had discretionary control over the management and administration of the Trust and are each, jointly and severally, a fiduciary within the meaning of 29 U.S.C. §1001(21).

90.    As fiduciaries, the Fiduciary Defendants had a high duty of care and loyalty to the Trust and its participants and beneficiaries, inclusive of Ms. Caserta, to abide by ERISA and the Trust's terms and to timely and efficiently distribute all death benefits due and owing to Ms. Caserta.

91.    Without lawful justification, the Fiduciary Defendants have improperly and continue to wrongfully withhold death benefits due Plaintiff as a beneficiary under the Trust in contravention of the Trust's terms and ERISA.

92.    The Fiduciary Defendants have breached their respective fiduciary duties to the

Trust and Ms. Caserta as a beneficiary of the Trust in their joint and several failures to abide by ERISA and the Trust's terms and to timely and efficiently distribute all death benefits due and owing to Ms. Caserta without delay.

93.     Without lawful justification, the Fiduciary Defendants have improperly and continue to wrongfully withhold benefits due Plaintiff as beneficiary under the Trust in contravention of the Trust's terms and ERISA.

94.     The Fiduciary Defendants have, jointly and severally, failed to discharge their respective and collective duties with respect to the Trust solely in the interest of Plaintiff as a beneficiary with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims as required by 29 U.S.C. §1104(a)(1)(B).

95.     The Fiduciary Defendants have, jointly and severally, failed to discharge their respective and collective duties with respect to the Trust solely in the interest of Plaintiff as a beneficiary in accordance with the documents and instruments governing the Trust insofar as such documents and instruments are consistent with the provisions of 29 U.S.C. §1104(a)(1)(D).

96.     The acts and/or omissions of the Fiduciary Defendants, jointly and severally, constitute wrongful breaches of their statutory fiduciary duties owed to Plaintiff as a beneficiary under the Trust in violation of 29 U.S.C. §§1104 and 1132(a)(1)(B).

97.     Plaintiff has and continues to be wrongfully damaged and denied benefits, rights, and rights to future benefits due her as a beneficiary under the Trust as a direct and proximate cause of the breaches of fiduciary duties committed, jointly and severally, by the Fiduciary Defendants.

98.     The Fiduciary Defendants have and continues to wrongfully withhold benefits due Plaintiff as beneficiary under the Trust in contravention of the Trust's terms and ERISA.

WHEREFORE, plaintiff, Irene Caserta demands judgment in her favor and against defendants, Yampolsky, Mandeloff, Silver & Ryan, PC, Citrin Cooperman & Company, LLP, Mary Brislin and Lynn Electronics Corporation, jointly and severally, on Count III for:

a.      Declaratory judgment that the practices complained of are unlawful and void and confirming Plaintiff's entitlement to benefits including without limitation, past due contractual benefits and future benefits, in an amount exceeding $104,675.21, plus pre-judgment and post-judgment interest;

b.      Restitution and the payment to Plaintiff of benefit funds including without limitation, past due contractual benefits and future benefits, in an amount exceeding $104,675.21, plus pre-judgment and post-judgment interest;

c.      Disgorgement as to all amounts by which the Fiduciary Defendants were unjustly enriched as a result of their breaches of fiduciary duties and failure to distribute death benefits to Plaintiff;

d.      An injunction order permanently enjoining Fiduciary Defendants from violating the terms of the Trust by failing to provide benefits, including without limitation, past due contractual benefits and future benefits, to Plaintiff; and

e.      An award of attorney's fees pursuant to 29 U.S.C. §1132(g)(1), costs incurred in bringing this action, together with all other damages permitted under the Trust's terms and ERISA, and such other and further relief as the Court deems just.

## COUNT V
### Plaintiff v. The Fiduciary Defendants
### (Breaches of Fiduciary and Co-Fiduciary Duties and Recovery of Plan Benefits, 29 U.S.C. §§1104, 1105 and 1132(a)(1)(B))

99.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 97 above as if set forth fully herein.

100.    This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §§1104, 1105 and 1132(a)(1)(B).

101.    Pursuant to 29 U.S.C. §§1104, 1105 and 1132(a)(1)(B), Plaintiff, as a beneficiary of the Trust, is entitled to sue for a judicial determination and enforcement of benefits.

102.     The Fiduciary Defendants, as part of their responsibilities to the Trust, had discretionary control over the management and administration of the Trust and are each, jointly and severally, a fiduciary within the meaning of 29 U.S.C. §1001(21).

103.     As fiduciaries, the Fiduciary Defendants are, jointly and severally, liable for the wrongful acts and omissions and the breaches of fiduciary conduct of their co-fiduciaries pursuant to 29 U.S.C. §1105.

104.     As fiduciaries and co-fiduciaries, the Fiduciary Defendants had a high duty of care and loyalty to the Trust and its participants and beneficiaries, inclusive of Ms. Caserta, to abide by ERISA and the Trust's terms and to timely and efficiently distribute all death benefits due and owing to Ms. Caserta.

105.     The Fiduciary Defendants are, jointly and severally, liable for the acts and omissions of their co-fiduciaries as they each participated knowingly in, or knowingly undertook to conceal, acts or omissions of their other co-fiduciaries such that they committed unlawful breaches of their co-fiduciary duties under 29 U.S.C. §1105(a)(1).

106.     The Fiduciary Defendants are, jointly and severally, liable for the acts and omissions of their co-fiduciaries as they each failed to comply with their fiduciary duties under 29 U.S.C. §1104(a)(2) in the administration of their respective specific responsibilities giving rise to their status as a fiduciary and thereby enabled the other Fiduciary Defendants to jointly and severally commit breaches of fiduciary duties in violation of 29 U.S.C. §1105(a)(2).

107.     The Fiduciary Defendants are, jointly and severally, liable for the acts and omissions of their co-fiduciaries as they each failed to comply with their fiduciary duties under 29 U.S.C. §1104(a)(3) in that they each possessed knowledge of the fiduciary breaches by the other Fiduciary Defendants and failed to make reasonable efforts under the circumstances to

remedy the breaches of the Fiduciary Defendants in violation of 29 U.S.C. §1105(a)(3).

108.    Without lawful justification, the Fiduciary Defendants have improperly and continue to wrongfully withhold death benefits due Plaintiff as beneficiary under the Trust in contravention of the Trust's terms and ERISA.

109.    The Fiduciary Defendants have breached their respective fiduciary and co-fiduciary duties to the Trust and Ms. Caserta as a beneficiary of the Trust in their joint and several failures to abide by ERISA and the Trust's terms and to timely and efficiently distribute all death benefits due and owing to Ms. Caserta without delay.

110.    The Fiduciary Defendants have improperly and continue to wrongfully withhold benefits due Plaintiff as beneficiary under the Trust in contravention of the Trust's terms and ERISA without lawful justification.

111.    The Fiduciary Defendants have, jointly and severally, failed to discharge their respective and collective duties with respect to the Trust solely in the interest of Plaintiff as a beneficiary with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims as required by 29 U.S.C. §§1104(a)(1)(B) and 1105.

112.    The Fiduciary Defendants have, jointly and severally, failed to discharge their respective and collective duties with respect to the Trust solely in the interest of Plaintiff as a beneficiary in accordance with the documents and instruments governing the Trust insofar as such documents and instruments are consistent with the provisions of 29 U.S.C. §1104(a)(1)(D) and 1105.

113.    The acts and/or omissions of the Fiduciary Defendants, jointly and severally,

constitute wrongful breaches of their co-fiduciary duties owed to Plaintiff as a beneficiary under the Trust in violation of 29 U.S.C. §§1104, 1105 and 1132(a)(1)(B).

114.    Plaintiff has and continues to be wrongfully damaged and denied benefits, rights, and rights to future benefits due her under the Trust as a direct and proximate cause of the breaches of fiduciary duty committed, jointly and severally, by the Fiduciary Defendants.

WHEREFORE, Plaintiff, Irene Caserta demands judgment in her favor and against defendants, Yampolsky, Mandeloff, Silver & Ryan, PC, Citrin Cooperman & Company, LLP, Mary Brislin and Lynn Electronics Corporation, jointly and severally, on Count V for damages in an amount exceeding $104,675.21, plus pre-judgment and post-judgment interest, and including without limitation, past due contractual benefits, future benefits, attorney's fees pursuant to 29 U.S.C. §1132(g)(1), costs incurred in bringing this action, together with all other damages, inclusive of punitive damages, permitted under the Trust and ERISA, and such other and further relief as the Court deems just.

## COUNT VI
### Plaintiff v. The Fiduciary Defendants
### (Breaches of Fiduciary and Co-Fiduciary Duties and Recovery of Statutory Equitable Relief, 29 U.S.C. §§1104, 1105 and 1132(a)(3))

115.    Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 113 above as if set forth fully herein.

116.    This is a claim to enjoin any act or practice which violates any provision of ERISA or the Trust's terms under 29 U.S.C. §§1104, 1105 and 1132(a)(3).

117.    This is a claim to obtain other appropriate equitable relief to redress the violations of any provision of ERISA and the Trust's terms under 29 U.S.C. §§1104, 1105 and 1132(a)(3).

118.    This is a claim to obtain other appropriate equitable relief to enforce the provisions of ERISA and the Trust's terms under 29 U.S.C. §§1104, 1105 and 1132(a)(3).

119.    Pursuant to 29 U.S.C. §§1104, 1105 and 1132(a)(3), Plaintiff, as a beneficiary of the Trust, is entitled to sue for a judicial determination and the equitable relief requested herein.

120.    The Fiduciary Defendants, as part of their responsibilities to the Trust, had discretionary control over the management and administration of the Trust and are each, jointly and severally, a fiduciary within the meaning of 29 U.S.C. §1001(21).

121.    As fiduciaries, the Fiduciary Defendants are, jointly and severally, liable for the wrongful acts and omissions and the breaches of fiduciary conduct of their co-fiduciaries pursuant to 29 U.S.C. §1105.

122.    As fiduciaries and co-fiduciaries, the Fiduciary Defendants had a high duty of care and loyalty to the Trust and its participants and beneficiaries, inclusive of Ms. Caserta, to abide by ERISA and the Trust's terms and to timely and efficiently distribute all death benefits due and owing to Ms. Caserta.

123.    As herein set forth, the Fiduciary Defendants are, jointly and severally, liable for the acts and omissions of their co-fiduciaries as they each participated knowingly in, or knowingly undertook to conceal, acts or omissions of their other co-fiduciaries such that they committed unlawful breaches of their co-fiduciary duties under 29 U.S.C. §1105(a)(1).

124.    As herein set forth, the Fiduciary Defendants are, jointly and severally, liable for the acts and omissions of their co-fiduciaries as they each failed to comply with their fiduciary duties under 29 U.S.C. §1104(a)(2) in the administration of their respective specific responsibilities giving rise to their status as a fiduciary and thereby enabled the other Fiduciary Defendants to jointly and severally commit breaches of fiduciary duties in violation of 29 U.S.C. §1105(a)(2).

125.    As herein set forth, the Fiduciary Defendants are, jointly and severally, liable for

the acts and omissions of their co-fiduciaries as they each failed to comply with their fiduciary duties under 29 U.S.C. §1104(a)(3) in that they each possessed knowledge of the fiduciary breaches by the other Fiduciary Defendants and failed to make reasonable efforts under the circumstances to remedy the breaches of the Fiduciary Defendants in violation of 29 U.S.C. §1105(a)(3).

126.    As fiduciaries and co-fiduciaries, the Fiduciary Defendants had a high duty of care and loyalty to the Trust and its participants and beneficiaries, inclusive of Ms. Caserta, to abide by ERISA and the Trust's terms and to timely and efficiently distribute all death benefits due and owing to Ms. Caserta.

127.    Without lawful justification, the Fiduciary Defendants have improperly and continue to wrongfully withhold death benefits due Plaintiff as a beneficiary under the Trust in contravention of the Trust's terms and ERISA.

128.    The Fiduciary Defendants have breached their respective fiduciary and co-fiduciary duties to the Trust and Ms. Caserta as a beneficiary of the Trust in their joint and several failures to abide by ERISA and the Trust's terms and to timely and efficiently distribute all death benefits due and owing to Ms. Caserta without delay.

129.    The Fiduciary Defendants, jointly and severally, have improperly and continue to wrongfully withhold benefits due Plaintiff as beneficiary under the Trust in contravention of the Trust's terms and ERISA.

130.    The Fiduciary Defendants have, jointly and severally, failed to discharge their respective and collective duties with respect to the Trust solely in the interest of Plaintiff as a beneficiary with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the

conduct of an enterprise of a like character and with like aims as required by 29 U.S.C. §1104(a)(1)(B) and 1105.

131.    The Fiduciary Defendants have, jointly and severally, failed to discharge their respective and collective duties with respect to the Trust solely in the interest of Plaintiff as a beneficiary in accordance with the documents and instruments governing the Trust insofar as such documents and instruments are consistent with the provisions of 29 U.S.C. §1104(a)(1)(D) and 1105.

132.    The acts and/or omissions of the Fiduciary Defendants, jointly and severally, constitute wrongful breaches of their fiduciary duties owed to Plaintiff as a beneficiary under the Trust in violation of 29 U.S.C. §§1104, 1105 and 1132(a)(1)(B).

133.    Plaintiff has and continues to be wrongfully damaged and denied benefits, rights, and rights to future benefits due her under the Trust as a direct and proximate cause of the breaches of fiduciary  and co-fiduciary duties committed, jointly and severally, by the Fiduciary Defendants.

134.    The Fiduciary Defendants improperly have and continue to wrongfully withhold benefits due Plaintiff as beneficiary under the Trust in contravention of the Trust's terms and ERISA.

WHEREFORE, Plaintiff, Irene Caserta demands judgment in her favor and against defendants, Yampolsky, Mandeloff, Silver & Ryan, PC, Citrin Cooperman & Company, LLP, Mary Brislin and Lynn Electronics Corporation, jointly and severally, on Count VI for:

a.    Declaratory judgment that the practices complained of are unlawful and void and confirming Plaintiff's entitlement to benefits including without limitation, past due contractual benefits and future benefits, in an amount exceeding $104,675.21, plus pre-judgment and post-judgment interest;

b.    Restitution and the payment to Plaintiff of benefit funds including without limitation, past due contractual benefits and future benefits, in an amount

exceeding $104,675.21, plus pre-judgment and post-judgment interest;

c.      Disgorgement as to all amounts by which the Fiduciary Defendants were unjustly enriched as a result of their breaches of fiduciary duties and failure to distribute death benefits to Plaintiff;

d.      An injunction order permanently enjoining the Fiduciary Defendants from violating the terms of the Trust by failing to provide benefits, including without limitation, past due contractual benefits and future benefits, to Plaintiff; and

e.      An award of attorney's fees pursuant to 29 U.S.C. §1132(g)(1), costs incurred in bringing this action, together with all other damages permitted under the Trust and ERISA, and such other and further relief as the Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury for all triable issues in this action.

Respectfully submitted,

**FELLHEIMER & EICHEN LLP**

Alan S. Fellheimer (PA Attorney I.D. No. 09842)
John J. Jacko, III (PA Attorney I.D. No. 67477)
1800 John F. Kennedy Boulevard, Suite 1400
Philadelphia, PA  19103
(215) 253-6634

Attorneys for Plaintiff
Irene Caserta

Dated: August 8, 2008

EXHIBIT "A"



**Certified Public Accountants**

Alan H. Mandeloff
CPA/PFS, CFP

Terry D. Silver
CPA/CVA

Kevin Ryan
CPA

Roger L. Foster
CPA

Albert J. Zepp
CPA

Jack Yampolsky
CPA
Consultant
to the Firm

March 15, 2007

John Wugofski
19701 Crews Road
Glen St. Mary, FL 32040

Dear John,

Enclosed please find the necessary paperwork for the Lynn Electronics Corporation Employee's Profit Sharing Plan. Please follow the attached instructions accordingly. The amount shown as your single sum benefit is as of December 31, 2005. The final accounting for 2006 will be completed by April 30, 2007.

If you should have any questions, please do not hesitate to contact me.

Sincerely,

Hadassah Ramos

Enclosures

FS:Lynn-PS\2007\DistributionLetters\John Wugofski

1800 JFK Boulevard
20th floor
Philadelphia, PA
19103-7496
Tel: 215.545.4800
Fax: 215.545.4810
www.ymsr.com

# DEFINED CONTRIBUTION BENEFIT APPLICATION FORM

Name of Plan: <u>LYNN ELECTRONICS EMPLOYEES' PROFIT-SHARING TRUST</u>
Name of Participant: <u>John Wugofski</u>
Single Sum Benefit: <u>$104,675.21 (Value as of December 31, 2005)</u>

I am eligible to receive my vested benefits from the above captioned Retirement Plan. If I am married, I acknowledge receipt of a written explanation of the Joint and 50% survivor annuity, including the circumstances under which it will be provided, the procedure for electing some other form of payment, the consequences of waiving the Joint and 50% survivor annuity by electing some other form of payment and the fact that I may request additional information from the Plan's Administrative Committee or the Plan Sponsor.

**My marital status and payment preference is indicated as checked below:**

Marital Status:  ( ) Married
                 ( ✓ ) Not Married (including widowed or legally divorced)

A.  ( ✓ )   I elect a Direct Rollover of benefits to ( ) a new plan or ( ✓ ) an IRA. (Check one.) I understand that the Rollover check will be made payable to the trustee or custodian of my new account and that the check will be sent directly to them for delivery to the new account as noted below. Make check payable and mail to:

<u>Wachovia Bank</u>
<u>Attn: Ella Mae Crews</u>
<u>744 S. 6th St Macclenny Fl 32063</u>

Amount of Direct Rollover:
( ✓ )   Entire distribution
( )     $_____ with the remainder paid directly to me.
        20% of the remainder will be withheld and sent to the IRS.

B.  ( )     I wish to have my entire benefit paid directly to me as a single sum with 20% withholding sent to the IRS as required by law.

C.  ( )     I wish to be informed of the amount of Joint and 50% survivor annuity which would be paid to me if I elect to apply my account for the purchase of a Joint and 50% survivor annuity. My spouse's date of birth is: _____

Page 1 of 2

D.  (    )    I wish information about the amount of monthly pension which might be paid to me if my account is applied to purchase an annuity in one of the other optional forms permitted by the Plan.

E.  (    )    I wish to have my entire plan account remain in the plan until my Normal Retirement Date.

## Required Tax Information (Type or Print)

Address: _10791 Crews Rd_
_Glen St Mary Fic 32040_

Home Telephone #: _904 259 5977_

Date of Birth: _11-14-43_          Social Security Number: _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_

_John Wasynki_
_H On lic_
Participant's Signature          _3-19-07_
                                 Date Signed

_____          _____
Spouse's Signature               Date Signed

Signatures <u>must</u> be notarized or signed in the presence of a plan official _3-19-07_

Notary Seal          _Ella Mae Crews_
                     Signature of Plan Official

Received by the Trustees:

_____          _____
For the Trustees                 Date Signed

_Liza C_                          Page 2 of 2

INSTRUCTIONS FOR
LYNN ELECTRONICS CORPORATION
EMPLOYEES' PROFIT SHARING PLAN DISTRIBUTION DOCUMENTS

1.  Please read and sign the "Defined Contribution Benefit Application"

    a.  Complete all information on page 2.

    b.  If you choose a direct rollover of the entire distribution,
        -- fill in all of the necessary information.

    c.  If you choose to receive the distribution,
        -- check I elect to receive the distribution.

    d.  Sign and date the form

2.  Please read "Special Tax Notice Regarding Plan Payments" summary.

3.  Please return the application form Yamplosky Mandeloff Silver Ryan (envelope included).

LYNN ELECTRONICS EMPLOYEES'
PROFIT-SHARING TRUST

SPECIAL TAX NOTICE REGARDING PLAN PAYMENTS

This notice contains important information you may need before you decide how to receive your benefits from your retirement plan (the "Plan").

SUMMARY

A payment from the Plan that is eligible for "rollover" can be taken in two ways. You may have all or any portion of your payment either 1) PAID IN A "DIRECT ROLLOVER" or 2) paid to you. YOUR DECISION AS TO WHETHER OR NOT TO ELECT A DIRECT ROLLOVER DOES NOT HAVE TO BE MADE RIGHT AWAY. IF YOU SO DESIRE, YOU WILL BE GIVEN AT LEAST 30 DAYS FROM THE DATE THIS NOTICE IS PROVIDED TO CONSIDER YOUR DECISION. A rollover is a payment of your Plan benefits to your individual retirement arrangement (IRA) or to another employer plan. This choice will affect the tax you owe.

If you choose a DIRECT ROLLOVER:

o   Your payment will not be taxed in the current year and no income tax will be withheld.

o   Your payment will be made directly to your IRA or, if you choose, to another employer plan that accepts your rollover.

o   Your payment will be taxed later when you take it out of the IRA or the other employer plan.

If you choose to have your Plan benefits PAID TO YOU:

o   You will receive only 80% of the payment, because the Plan Administrator is required to withhold 20% of the payment and send it to the IRS as income tax withholding to be credited against your taxes.

o   Your payment will be taxed in the current year unless you roll it over. You may be able to use special tax rules that could reduce the tax you owe. However, if you receive the payment before age 59 1/2, you also may have to pay an additional 10% tax.

o   You can roll over the payment by putting it into your IRA or to another employer plan that accepts your rollover within 60 days of receiving the payment. The amount rolled over will not be taxed until you take it out of the IRA or other employer plan.

o   If you want to roll over 100% of the payment to an IRA or an employer plan, you must find other money to replace the 20% that was withheld. If you roll over only the 80% that you received, you will be taxed on the 20% that was withheld and not rolled over.

EXHIBIT "B"

STATEMENT OF ACCOUNT FOR:          JOHN WUGOFSKI

NAME OF PLAN:                      LYNN ELECTRONICS CORP.
                                   EMPLOYEES' PROFIT-SHARING PLAN

FOR THE PLAN YEAR ENDED:           DECEMBER 31, 2005

DATE OF HIRE:                      MARCH 26, 1974

## VALUE OF YOUR ACCOUNT

| | |
|---|---|
| BALANCE, JANUARY 1, 2005 | $ 101,343.73 |
| INCOME, CURRENT YEAR | 3,025.30 |
| EMPLOYER CONTRIBUTION | 302.45 |
| DISTRIBUTIONS | 0.00 |
| FORFEITURES APPORTIONED | 3.23 |
| BALANCE, DECEMBER 31, 2005 | $ 104,675.21 |
| VESTED PERCENTAGE:     100% | $ 104,675.21 |

NO DISTRIBUTIONS CAN BE MADE UNTIL THE PARTICIPANT'S VESTED BALANCE IS DETERMINED.

EXHIBIT "C"

LAW OFFICE
## FRANK E. MALONEY, JR., P.A.
445 E. MACCLENNY AVENUE
MACCLENNY, FLORIDA 32063

———————————

TELEPHONE: 904-259-3155
FAX: 904-259-9729

Georganna Griffith, Paralegal

January 16, 2008

Yampolksy, Mandeloff, Silver & Ryan
Attn: Kevin Ryan
1800 JFK Boulevard
20th Floor
Philadelphia, PA  19103-7496

> Re:   Lynn Electronics Employees Profit Sharing Trust
>        John Wugofski

Dear Mr. Ryan:

This law office has the pleasure of representing Irene Caserta, the beneficiary of John W. Wugofski's Lynn Electronic Employees Profit Sharing Trust valued at $104,675.21 as of December 31, 2005.  Mr. Wugofski during his lifetime on March 19, 2007 made an application for the entire fund to be paid to a new IRA at Wachovia Bank located in Macclenny, Florida, attached is a copy of that application. We are now approaching a year since that application and payment to the IRA has yet to be made.  My client has been in contact with your accounting firm and has spoken with Hadassah Ramos and Mary Breslin in April 2007 and still has had nothing but empty promises that the check is the mail.

This letter is to request that the transfer of funds to Wachovia Bank take place immediately and provide an explanation for the delay.   If further information is necessary, please contact my office at the address and telephone listed above.

Very truly yours,

Frank E. Maloney, Jr., P.A.

FEMJr/ghg
Cc:    Lynn Electronics
       Irene Caserta

EXHIBIT "D"

LAW OFFICE

# FRANK E. MALONEY, JR., P.A.

445 E. MACCLENNY AVENUE
MACCLENNY, FLORIDA 32063

TELEPHONE: 904-259-3155
FAX: 904-259-9729

Georganna Griffith, Paralegal

March 7, 2008

Yampolksy, Mandeloff, Silver & Ryan
Attn: Kevin Ryan
1800 JFK Boulevard
20th Floor
Philadelphia, PA  19103-7496

      Re:    Lynn Electronics Employees Profit Sharing Trust
               John Wugofski

Dear Mr. Ryan:

On January 16, 2008 I wrote a letter (copy is attached) to which we have still not received a response. This has been the treatment my client has been receiving from your accounting firm for nearly one year.

If a response is not received and the funds transferred to her account immediately we will be forced to contact the Pennsylvania Department of Professional Regulations.

Very truly yours,

Frank E. Maloney, Jr., P.A.

FEMJr/ghg
Cc:    Lynn Electronics
       Irene Caserta